## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRAVEEN PATEL and<br>JYOTI PATEL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N23C-08-006 JRJ |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: May 1, 2024
Date Decided: July 16, 2024

## ORDER

Upon consideration of Defendant's, State Farm Fire and Casualty Company ("State Farm"), Motion for Summary Judgment,[1] Plaintiffs', Praveen and Jyoti Patel ("Plaintiffs"), Opposition to Defendant's Motion to Dismiss the Complaint,[2] and the record in this case, **IT APPEARS THAT:**

(1)     On August 2, 2020, Plaintiffs' house located at 403 Derby Way, Wilmington, Delaware, sustained fire damage caused by a fire originating from a

---

[1] Def.'s Mot. for Summ. J., Trans. ID 71784400 (Jan. 10, 2024).

[2] Pls.' Opp'n to Def.'s Mot. to Dismiss the Compl., Trans. ID 72234334 (Mar. 4, 2024).  Although Plaintiffs refer to their response as "Opposition to Defendant State Farm Fire and Casualty Company's Motion to Dismiss the Complaint," the Court will refer to it as the Plaintiffs' Opposition to the Defendant's Motion for Summary Judgment. *Id.*

neighboring property located at 401 Derby Way, Wilmington, Delaware.[3] At the time of the fire, State Farm insured both Plaintiffs' property and the property where the fire originated.[4]

(2) Plaintiffs' property was insured subject to the terms set forth in State Farm's insurance policy which includes dwelling coverage of $1,450,900.00 with a 5% deductible amounting to $72,545.00.[5] Under the policy, State Farm reserves the right to seek subrogation:

> If any insured to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That insured must do everything necessary to secure our rights and must do nothing after loss to impair them. However, before a loss, an insured may waive in writing all rights of recovery against any person.[6]

State Farm did not exercise its right to seek subrogation in this case.[7]

(3) On August 1, 2023, Plaintiffs filed their Complaint claiming State Farm breached the implied covenant of good faith and fair dealing ("implied covenant") by (1) failing to "explain the severity of the deductible" and (2) failing to "seek reimbursement from the policy of the neighbors" (subrogation).[8]

---

[3] Def.'s Mot. For Summ. J. ¶ 1.
[4] *Id.*
[5] *Id.* ¶ 2.
[6] *Id.*, Ex. A at 30-31.
[7] Compl. ¶ 11.
[8] *Id.* ¶¶ 8-12.

(4)     State Farm filed an Answer, denying any breach of the implied covenant.[9]

(5)     On January 10, 2024, State Farm filed a Motion for Summary Judgment, claiming it did not breach the implied covenant because it was not required to explain the deductible to Plaintiffs and the policy does not require State Farm to seek subrogation.[10]

(6)     On March 4, 2024, Plaintiffs filed an Opposition to Defendant's Motion to Dismiss the Complaint, arguing that State Farm should have explained the deductible in the policy to Plaintiffs, and State Farm acted in a self-interested manner when it failed to seek subrogation from the owner of 401 Derby Way because State Farm insured the 401 property as well.[11]

(7)     On April 3, 2024, the Court sent a letter to parties requesting supplemental briefing on the implied covenant.[12]  Defendant submitted its response to the Court's request on April 19, 2024,[13] and Plaintiffs submitted their response on May 1, 2024.[14]

(8)     Pursuant to Superior Court Rule 56(c), the Court may grant summary judgment in a movant's favor so long as the moving party demonstrates there is "no

[9] Answer, Trans. ID 70879214 (Sept. 15, 2023).
[10] Def.'s Mot. for Summ. J.
[11] Pls.' Opp'n to Def.'s Mot. for Summ. J, Trans. ID 72234334 (Mar. 4, 2024).
[12] Lt. to Parties, Trans. ID 72678986 (Apr. 4, 2024).
[13] Def.'s Resp. to Supp. Request, Trans. ID 72767636 (Apr. 17, 2024).
[14] Pls.' Resp. to Supp. Request, Trans. ID 72877226 (May 1, 2024).

genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[15]  In evaluating the facts, all "reasonable inferences must be considered in a light most favorable to the non-moving party."[16]

(9)     As a preliminary matter, the insured has a responsibility to read their policy.  "The failure to read a document before signing it does not enable one to ignore the obligations imposed by that document on the ground that they did not read the contract or that the contents of the contract were not known to the party."[17]  The policy here contains express language regarding the deductible.  Plaintiffs had the opportunity to read the contract and could have consulted with an attorney prior to entering into the contract.[18]  The Court does not find Plaintiffs are entitled to relief because State Farm did not "explain the severity of the deductible" when the deductible is written clearly in the policy.[19]

(10)   The second issue raised is one of contractual interpretation—whether an insurance company breaches the implied covenant when it chooses not to subrogate against its own insured.  One of the integral components of an insurance contract is that all parties to the contract act in "good faith."[20]  The implied covenant

---

[15] Super. Ct. Civ. R. 56(c).

[16] *Heasley v. Allstate Property and Casualty Insurance Company*, 2022 WL 951261, at *1 (Del. Super. 2022) (citing *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986).

[17] *Moore v. O'Connor*, 2006 WL 2442027, at *4 n.26 (Del. Super. Aug. 23, 2006).

[18] *Olga J. Nowak Irrevocable Trust v. Voya Financial, Inc.*, 2020 WL 7181368, at *11 (Del. Super. Nov. 30, 2020) (holding "the Trust was given ample time to contract or consult with advisors.").

[19] Compl. ¶¶ 8-12.

[20] *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 441 (July 5, 2005).

is "best understood as a way of implying terms in the agreement, whether employed to analyze unanticipated developments, or to fill gaps in the contract's provisions."[21] However, the implied covenant cannot be used to circumvent the parties agreements or create a "free-flowing duty . . . unattached to the underlying legal document."[22] The implied covenant requires "a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits" of the bargain.[23] So, "parties are liable for breaching the covenant when their conduct frustrates the overarching purpose of the contract by taking advantage of their position to control implementation of the agreement's terms."[24] The implied covenant will not be applied in contexts where the parties' agreement includes the requisite terms in the agreement.[25]

(11) In the instant case, the contract between Plaintiffs and State Farm includes a provision addressing subrogation.[26] State Farm reserved the right to subrogate.[27] The subrogation clause allows State Farm to exercise its right to seek recovery of the Plaintiffs' deductible through subrogation. However, there is no

---

[21] *Id.* (citing *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443 (Del.1996)) (internal quotations and citations omitted).

[22] *Id.* (citation omitted).

[23] *Wilgus v. Salt Pond Inv. Co.*, 498 A.2d 151, 159 (Del. Ch.1985).

[24] *Dunlap*, 878 A.2dat 441.

[25] "Existing contract terms control . . . such that implied good faith cannot be used to circumvent the parties bargain." *Dunlap*, 878 A.2d at 441.

[26] Def.'s Mot. for Summ. J., Ex. A, Trans ID 71784400 (Jan. 10, 2024).

[27] *Id.*

provision in the contract obligating State Farm to exercise this right. Rather, State Farm's contractual obligation is to provide coverage up to $1,450,900.00 following Plaintiffs' payment of the $72,545.00 deductible.[28] Because the terms of the contract are clear, the contract does not require the implied covenant.[29]

(12) As such, State Farm had no obligation to seek subrogation, and summary judgment must be granted in its favor.

**WHEREFORE,** the Court finds State Farm did not breach the implied covenant by not seeking subrogation of the Plaintiffs' deductible, and thus, State Farm's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan. R. Jurden, President Judge

Original to Prothonotary

cc:   John R. Weaver, Esq.
      Donald M. Ransom, Esq.

---

[28] Def.'s Mot. For Summ. J. ¶ 2.
[29] *Dunlap*, 878 A.2d at 441.